CASE 52—EQUITY—OCTOBER 4.

## Brooks, Etc. v. Frontman, Trustee.

APPEAL FROM BULLITT CIRCUIT COURT.

1. LIMITATION—ACTION ON BOND—GUARDIAN AND WARD—LIFE ES-
TATE IN GUARDIAN.—In an action by infants against a surety in a
bond executed by their father who was their statutory guar-
dian for the sale of lands in which the father owned a life
estate and his children the reversion in fee, limitation does not
begin to run in the father's lifetime.

2. DEDUCTION OF VALUE OF LIFE ESTATE.—The guardian having
made an assignment for the benefit of creditors, the assignee
was entitled to the guardian's life estate and the beneficiaries
in the bond to the residue. It was, therefore, error to render
judgment in favor of such beneficiaries without deducting the
value of the guardian's life estate.

JOHN S. JACKMAN FOR APPELLANTS.

1. *Limitation.*—Under chapter 86, Revised Statutes, where the
guardian of the infant, who was the 'father and tenant by
the curtesy, petitioned for the sale of his ward's real estate, and
there was no order of court for reinvestment of the proceeds of
sale, the surety on the bond is released, no action having been
instituted on the bond by the infant within seven years after
arrival at age. 2 Stanton, pp. 304-310, sec. 1, art. 3; secs. 2 and
3 and sub-sec. 1, art. 6; sec. 2549 Ky. Stats. (same as Revised
Statutes).

2. Tenant by the curtesy, stands on the same footing as any other
life tenant, and the proceeds of sale should have been rein-
vested. Malone v. Conn., 95 Ky., 93.

3. *Interest.*—In no event should there have been interest included
in the judgment, as this would go to the life tenant, principal
in the bond.

CHARLES CARROLL FOR APPELLEE.

1. W. B. M. Brooks had a life estate in the land sold in the suit

Brooks, &c. v. Frontman, Trustee.

in which the bond was given, and he had the same interest in the proceeds. 2 Stanton, Rev. Stats., art. 6, chap. 86, sec. 5.

2. His interest was sold in that action. Brooks, Assignee v. Summers, &c., 18 Ky. Law Rep., 1026 (a case involving this title).

3. Under the Revised Statutes, cited herein, it was not obligatory on the court to order a reinvestment.

SAME COUNSEL IN A PETITION FOR A REHEARING AND RESPONSE.

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

As guardian of three of his infant children, W. B. M. Brooks instituted a suit to sell certain real estate owned by himself and his wards. He was entitled to the use of the land during his life as tenant by the curtesy, and his wards owned the interest in remainder. A judgment was rendered in 1868, directing the land to be sold; but, before entering it, the court required the guardian to execute a bond, the terms of which were as required by the provisions of the Revised Statutes. The court did not make an order as to what disposition should be made of the proceeds of the sale at that time, nor did it do so until 1895. The money was held by the guardian subject to the order of the court. One of the infant children of W. B. M. Brooks died, and the two remaining wards, Emma and Anna, inherited that interest; and the proceeds of the sale, subject to the father's use during his life, belonged to them. The land sold for $5,511.82, one-half of which bein $2,755.91. W. B. M. Brooks made an assignment for the benefit of his creditors; and, in the action to settle the trust estate, there was paid to the trustee of the children of Emma (she having married and died) $1,660.30, to be held subject to his life estate.

This action was instituted by the trustee of the children of Emma King (nee Brooks) to recover of the representatives of the surety (he being dead), on the bond which

the guardian had given, the sum of $1,095.60, the balance alleged to be due on account of the sale of the real estate. Emma, the mother of the children for whose benefit this suit was prosecuted, became twenty-one in July, 1873, married in October, 1882, and died in July, 1890. It is therefore claimed that her cause of action accrued when she arrived at the age of twenty-one. This contention is based upon the idea that this money should have been paid to her on her arrival at that age, and that, therefore, the cause of action then accrued. It is true, the petition did not describe specifically the father's interest in the land; yet it substantially alleges that the land belonged to him and his wards. The court did not in its order declare what were the respective rights of the father and his children in the land, or in the proceeds of its sale.

We are of the opinion that there was nothing in that proceedings which deprived the father of his right to the use of the land or its proceeds during his life. The court did not make an order as to the disposition of the fund, and, until the guardian disobeyed the order of the court with reference to the disposition of that fund, no cause of action accrued to the wards, even to have the money reinvested or held so as to secure to them its payment on his death.

We are of the opinion that no cause of action accrued to the mother of the children for whose benefit this action was prosecuted, and therefore the statute of limitation did not begin to run. The court gave judgment for the sum of $1,095.60 against the representatives of the surety in the bond. It was (in part), in effect, giving judgment against the surety in the bond, in favor of the principal, for the principal's default. The principal in the bond was entitled to the use of the money during his

life, and the trustee of the children was not entitled to
recover any interest which their father had in the fund.
From the facts as they appear, the court should have as-
certained the value of W. B. M. Brooks' life estate in the
fund, and have deducted that from the amount for which
judgment was given.   W. B. M. Brooks was also entitled
to the use of the $1,660.30, which seems to be in the hands
of the trustee of the children.   If the trustee of the chil-
dren still holds that fund, then the value of W. B. M.
Brooks' life estate in the $2,755.91 should be ascertained,
and deducted from the amount which the plaintiff seeks
to recover in this case.   The condition of the $1,660.30
fund will have to be made to appear by appropriate plead-
ings before the court would know the exact amount which
should be credited in this proceeding, by reason of W.
B. M. Brooks' interest in that part of the fund.    The
judgment is reversed for proceedings consistent with this
opinion.

On November 19th the following response to a petition
for a rehearing was delivered by Judge Paynter:

In adjudicating the rights of the parties to this contro-
versy, it does not require the consent of the life tenant
or the trustee of the remaindermen to enable the court
to determine them.   It is said in the petition for rehear-
ing that the life tenant has not given his consent that
his interest in the fund shall be estimated in fixing the
liability of the representatives of his surety; and also
that the trustee for the remaindermen does not desire
the value of the interest of the life tenant to be ascer-
tained.   Whilst this may be true, still the trustee comes
into court, and seeks to fix the liability of the representa-
tives of the surety in the bond, and recover whatever that
amount may be.   In doing this, the duty is imposed upon

the court to ascertain what that liability is. The representatives of the surety do not owe the remaindermen one cent on the bond on account of the interest of the principal in the bond. When the trustee of the remaindermen seeks to appropriate the fund, he can only be adjudged the value of the interest of said remaindermen. The petition has been considered as the law requires, and overruled.